IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CONSOLATION BARBER,<br><br>                Plaintiff,<br><br>      v.<br><br>SHEENA MILLER,<br><br>                Defendant. | Case No. 3:23-cv-00018-SLG |

**ORDER GRANTING MOTION TO REMAND TO STATE COURT**

On January 20, 2023, self-represented litigant Sheena Miller ("Defendant") filed a Notice of Removal from Superior Court of the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-22-9606CI.[1] She also filed a civil cover sheet and an application to waive the filing fee.[2] On February 17, 2023, Plaintiff Consolation Barber ("Plaintiff") filed a Motion to Remand to State Court.[3] As of the date of this order, Defendant has not replied to Plaintiff's motion, and her deadline to do so has passed.[4] For the reasons explained below, Plaintiff's Motion is **GRANTED.**

---

[1] Docket 1.

[2] Dockets 2-3.

[3] Docket 6.

[4] *See* L.Civ.R. 7.2(b) (requiring opposition to the motion must be filed within 14 days of service).

## BACKGROUND

Plaintiff filed an eviction action against Defendant in state court.[5] The Court takes judicial notice of *Barber v. Miller,* Case No. 3AN-22-09606CI.[6] Defendant filed a notice of removal and civil cover sheet asserting the Court has federal-question jurisdiction.[7] Defendant demands an "independent audit" of the state court case, claims she may have overpaid Plaintiff, and she requests damages for her pain and suffering.[8] As a basis for federal-question jurisdiction, Defendant cites to 15 U.S.C. §§ 1661-1693, which provide certain protections to consumers, such as restrictions on garnishments and unfair debt collection practices.[9]

## DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in a state court to a district court if the plaintiff(s) could have originally filed the action in federal court.[10] This statute "is strictly construed against removal

---

[5] Docket 6-1.

[6] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); *see also* Fed. R. Evid. 201 (a court can take judicial notice of its own files and records.); *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[7] Docket 2.

[8] Docket 1 at 2.

[9] *See generally* 15 U.S.C. §§ 1671-77, 1692-1692p.

[10] 28 U.S.C. § 1441.

Case No. 3:23-cv-00018-SLG, *Barber v. Miller*
Order Remanding to State Court
Page 2 of 5
Case 3:23-cv-00018-SLG   Document 7   Filed 03/20/23   Page 2 of 5

jurisdiction,"[11] and the party seeking removal "bears the burden of establishing federal jurisdiction."[12]

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute.[13] "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[14] Under the "well-pleaded complaint rule," jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."[15] A defense or counterclaim based on federal law does not give rise to federal question jurisdiction.[16] If the district court lacks subject matter jurisdiction, the case must be remanded to state court.[17]

Having reviewed the filings and the publicly available state court information, they do not demonstrate "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

---

[11] *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir.1988).

[12] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009) ("The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction.").

[13] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[14] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[15] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[16] *Id*.

[17] 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3).

Case No. 3:23-cv-00018-SLG, *Barber v. Miller*
Order Remanding to State Court
Page 3 of 5
Case 3:23-cv-00018-SLG   Document 7   Filed 03/20/23   Page 3 of 5

question of federal law."[18] Defendant's assertions, which appear to be defenses or counter-claims, do not confer subject matter jurisdiction in federal court[19] To the extent Defendant's references to a "fair and impartial hearing" and "independent audit" are attempts to appeal any orders by the state court, this Court does not have appellate jurisdiction over state court proceedings.[20] Further, while the state court has issued a "Writ of Assistance" and a "Partial Judgment for Possession and Costs," as of the date of this order, the state case is still "undisposed."[21]

For the reasons set forth above, this matter shall be remanded to the state court.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion to Remand to State Court is **GRANTED.**

2. All pending Motions and Orders are **DISMISSED AS MOOT.**

---

[18] *Franchise Tax Bd.*, 463 U.S. 1, 27-28 (1983).

[19] *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court.").

[20] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (establishing the *Rooker-Feldman* doctrine that federal district courts lack subject-matter jurisdiction to hear an appeal from a state court).

[21] *Barber v. Miller,* Case No. 3AN-22-09606CI, Docket Information ("Case Status: Open"), *available at* https://courts.alaska.gov/main/search-cases.htm (last visited March 16, 2023).

Case No. 3:23-cv-00018-SLG, *Barber v. Miller*
Order Remanding to State Court
Page 4 of 5
Case 3:23-cv-00018-SLG   Document 7   Filed 03/20/23   Page 4 of 5

3. The Clerk of Court is directed to **REMAND** this action to the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

DATED this 20th day of March 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00018-SLG, *Barber v. Miller*
Order Remanding to State Court
Page 5 of 5
Case 3:23-cv-00018-SLG   Document 7   Filed 03/20/23   Page 5 of 5